UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMBERTO MEJIA SILES,

               Petitioner,

    v.

FIELD OFFICE DIRECTORS, SAN FRANCISCO FIELD OFFICE, ICE-ERO, et al.,

               Respondents.

No. 1:26-cv-01206-DJC-JDP

ORDER

Pending before the Court is a First Amended Petition for Writ of Habeas Corpus (Amended Habeas Petition ("Pet.") (ECF No. 7)) from a noncitizen seeking release from Immigration and Customs Enforcement ("ICE") custody.  The Court has previously addressed the legal issues raised in the Petition's Second Cause of Action.  Petitioner is a native and citizen of Bolivia who entered the United States without a valid visa in March 2024.  (Pet. ¶ 8.)  Upon entry, Petitioner encountered immigration officials who served him a notice and order of expedited removal.  (Answer (ECF No. 9) at 1–2 citing (ECF Nos. 9-1, 9-2, 9-3, 9-4).)   He then claimed a fear of returning to his home country.  (*Id.*)  United States Citizenship and Immigration Services ("USCIS") issued a

1

"fear not found" decision as to Petitioner's claim but on appeal, an Immigration Judge vacated USCIS's finding.  (Answer at 2 citing (ECF No. 9-6).)  Petitioner was released in 2022 and has remained in the United States ever since.  (Pet. ¶ 8; Reply (ECF No. 10) at 4–6.)  In April 2023, Petitioner filed an application for asylum, which is currently pending, and in October 2023, received work authorization documents valid through October 2028.  (Pet. ¶¶ 10–11.)  On February 5, 2026, Petitioner was arrested and detained by ICE officers (Pet. ¶ 12) and was issued another Notice to Appear (ECF No. 9-8).

Petitioner contends he is subject to Section 1226(a).  Respondents argue that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(1)(B)(ii) and 8 U.S.C. § 1225(b)(2).[1]  The Court finds its prior orders are dispositive on the issues raised in the Petitioner's Motion.  *See Souza v. Robbins,* No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025); *Garcia Mariagua v. Chestnut,* 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *M.B. v. Noem,* No. 1:26-cv-00005, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Lopez v. Lyons,* No. 2:25-cv-03174-DJC-CKD (E.D. Cal. Nov. 7, 2025).  For the reasons stated in those cases, Petitioner is entitled to relief.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and cost to provide Petitioner with procedural safeguards are minimal.[2]

---

[1] For purposes of the procedural due process analysis, the Court finds the distinction between these two sections to be without a material difference.  Procedural due process rights apply based on the liberty interest Petitioner accrued after his initial release from custody.  *See Muro Galvis v. Warden of Cal. Corr. Ctr.,* No. 1:26-cv-01351-DJC-DMC, 2026 WL 487495 (E.D. Cal. Feb. 20, 2026).

[2] To the extent Respondents argue that Petitioner's missed in-person visit, and missed biometric check-in constitute changed circumstances such that his detention is warranted (Answer at 2), that is a matter for a pre-deprivation hearing.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED as to the Second Cause of Action for the reasons stated in the prior orders.  Respondents are ORDERED to immediately release REMBERTO MEJIA SILES from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention and a timely hearing.  At any such hearing the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending Motions.

IT IS SO ORDERED.

Dated:   **February 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MEJIASILES26cv01206.merits_v1

3